Argued and submitted July 26, reversed and remanded September 15, 1999

In the Matter of
James-Levi Mertes, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Tonya MERTES,
*Appellant.*

(9511-83313; CA A104498)

986 P2d 682

Emily S. Cohen filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General, filed the brief for respondent.

Before Linder, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

LINDER, P. J.

**LINDER, P. J.**

In this termination of parental rights proceeding brought pursuant to ORS 419B.500, mother seeks reversal of the juvenile court's judgment terminating her parental rights. We reverse and remand.

█    Mother failed to appear on November 3, 1998, at one of several pretrial conferences, although she had appeared at all earlier conferences.[1] The juvenile court found mother to be in default and advised the state that it could present its *prima facie* case in support of termination. The state, however, was not prepared to proceed at that time because the caseworker was not present. The juvenile court set over the proceedings until November 19, 1998. Mother filed a motion for relief from default and appeared at the November 19 hearing.[2] The juvenile court denied mother's motion for relief from default and refused to permit mother, who was present with counsel, to participate in that hearing. The state presented evidence and, at the conclusion of the hearing, the juvenile court found that the state had proven the allegations of the petition by clear and convincing evidence and that termination is in the child's best interests. The juvenile court entered judgment terminating mother's parental rights and ordering that the child be permanently committed to the State Office of Services to Children and Families for care and adoptive placement.

█    On appeal, the state concedes that the juvenile court erred. The state bases its concession on ORS 419B.515, which

---

[1] Given mother's earlier diligence, her attorney was surprised by her nonappearance: "I don't remember whether she was required to be here or not. I saw her at [another hearing], and that was three business days ago. I totally expected her to be here. I do know she's relying on public transportation. As such, I can't explain her non-appearance."

[2] In her affidavit in support of her motion for relief from default, mother explained that the stress of the termination proceedings aggravates her emotional condition; that despite faithfully undergoing treatment and counseling, she sometimes is limited in her coping abilities (we note that the petition was based, in part, on the allegation that mother suffers from an emotional illness that renders her unable to provide proper care to her children); that she had inadvertently failed to calendar the date of the hearing; that she would have been in attendance had she done so; and that she has never "willingly" missed a court date regarding her children.

is the source of the juvenile court's authority to terminate parental rights following a parent's default.[3] The statute provides that the summons in a termination proceeding must inform the parent "that if the parent or parents fail to appear at the time and place specified in the summons, the court may terminate parental rights and take any other action that is authorized by law." The state's position is that, under ORS 419B.515, a juvenile court is not authorized to terminate parental rights at a hearing in which the parent is present but is denied the opportunity to participate because of a failure to appear at an earlier proceeding.[4] We agree.

The statute gives a juvenile court authority to proceed *at the time and place* that the parent fails to appear. Here, the state was not prepared to go forward at that time and place. By the time that the state was prepared to proceed, mother was present and desired to participate. The statute does not expressly contemplate a default termination in that circumstance. We decline to imply such authority because to do so would serve only a punitive purpose and would not further the statute's goals of judicial efficiency and orderly process. We therefore accept the state's concession of error.

Reversed and remanded.

---

[3] Mother's challenge is predicated primarily on federal due process principles. We agree with the state's approach, which is to examine the scope of the juvenile court's statutory authority before examining constitutional limitations on that authority. *See State v. Dominguez-Martinez*, 321 Or 206, 210, 895 P2d 306 (1995) . (court must first consider whether action is statutorily authorized before reaching constitutional claim).

[4] The state also points to Multnomah County Circuit Court Rules 11.045(5) and 11.055(1). We agree that neither local rule expressly or necessarily authorizes a juvenile court to terminate a parent's rights without the parent's participation at a hearing in which the parent is present and desires to participate.