Argued and submitted September 24, reversed and remanded for further proceedings October 27, 1999

In the Matter of Monique McKillip, Matthew Arnold, Mitchell Arnold and Michael Arnold, Minor Children.

STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Melissa BURRIS,
*Appellant.*

(9204-81428; CA A100774)

988 P2d 414

Daniel A. Cross argued the cause for appellant. With him on the brief was Bertoni & Todd.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Kelly Michael Doyle filed a brief for minor children.

Before DeMuniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

**HASELTON, J.**

Mother appeals from a judgment establishing dependency jurisdiction over her four children, ORS 419B.100(1), and from the court's order denying her motion to set aside that judgment. ORS 419B.420. Mother argues, *inter alia,* that the trial court erred in entering the jurisdictional judgment by default, as a consequence of mother's failure to appear at a pretrial status conference. We agree with mother that the court's action, rendered without notice, so violated fundamental due process as to be "plain error." Consequently, we reverse and remand.

On August 26, 1997, mother was served with a petition, pursuant to ORS 419B.230, alleging that her four children were within the juvenile court's dependency jurisdiction because she had failed to protect them from physical abuse by their stepfather. The summons that accompanied that petition directed mother to appear at a hearing at 9:00 a.m. on October 6, 1997, and further specified:

*"IF YOU DO NOT APPEAR IN COURT,*
*THE COURT MAY PROCEED WITHOUT YOU.*

"IF THE PETITION SEEKS TERMINATION OF YOUR PARENTAL RIGHTS AND YOU DO NOT APPEAR AS DIRECTED ABOVE, THE COURT MAY IMMEDIATELY TERMINATE YOUR PARENTAL RIGHTS TO THE ABOVE-NAMED CHILDREN AT THE TIME OF THE ABOVE HEARING."

On the same day, August 26, mother appeared at a hearing pertaining to the children's temporary custody. At that time, the court placed the children in temporary custody and canceled the October 6 trial date specified in the summons. On September 12, mother appeared with her counsel for a judicial settlement conference and, following that conference, the court set a trial date of October 31. On October 28, the court, over mother's objection, continued the trial date to January 8, 1998, with a status conference set for December 26, 1997.

In late November, mother requested a "review hearing," alleging that State Office For Services to Children and

Families (SOSCF) had been generally uncooperative and, particularly, that SOSCF had not provided mother with resources to visit the children. The hearing on that matter occurred on December 15, and, again, mother appeared with her attorney. The court rejected mother's allegations. Following that hearing, the court, at the request of the children's counsel, reset the pretrial status conference from December 26 to December 30, 1997. Mother's attorney agreed to that set-over and received a copy of the court's written order reflecting the set-over.

On December 30, the pretrial status conference occurred. Mother, who had appeared at all prior hearings, was absent. Counsel for the state moved to proceed with presentation of a *prima facie* case on the allegations of the jurisdictional petition. The following colloquy ensued:

"[MOTHER'S COUNSEL]: Your Honor, I'm not sure what the misunderstanding was this morning. I haven't been able to get ahold of my client. She's prepared to go to trial, and we're prepared to enter admission or—or, excuse me, denial to the Petition today. That was my understanding of what this status conference was for.

"THE COURT: Do you have any idea where she is today, or why she's not present today, [counselor]?

"[MOTHER'S COUNSEL]: I do not know, Your Honor, but I do know that she's prepared to go to trial.

"THE COURT: Well, it's hard for her to be prepared to go to trial if she's not present.

"[MOTHER'S COUNSEL]: I understand, Your Honor. If we can't enter the denial today, I would ask the Court to give us another date for a status conference so she can be here. She's been very good about showing up in court. And, again, I have no idea why—why she's not here today.

"* * * * *

"[THE COURT]: The whole purpose of having this status conference is to assure that the parent is actually going to appear at the hearing, and their appearance at the status hearing is mandatory as a result of that. I don't have any indication the mother is not aware of this hearing or has any legitimate reason for not being present here today,

and I am going to allow the State to proceed with a prima facie case here today."[1]

The state then presented the testimony of an SOSCF caseworker. The court asked the witness a few questions and, after a few remarks by mother's attorney, the court orally granted the petition. The trial court subsequently entered an "Order After Pre-Trial Hearing," finding: "Mother was aware of this hearing & failed to appear today (even though hearing did not commence until 10 am). The state was allowed to proceed with a prima facie case." On January 5, 1998, the court entered its judgment establishing dependency jurisdiction and dispositional order.

On January 7, 1998, mother moved to set aside that judgment and order pursuant to ORS 419B.420.[2] In support of that motion, mother's attorney filed an affidavit, which recounted mother's statements that she had no notice of the reset December 30 status conference and which further averred that nothing in the attorney's files showed that mother had, in fact, been notified of that hearing. The court denied that motion.

On appeal, mother challenges the judgment determining jurisdiction, the related dispositional order, and the order denying her motion to set aside that judgment and order. She raises two alternative arguments. *First*, in the absence of adequate notice, the court could not treat mother's failure to appear at the pretrial status conference as a default on the jurisdictional allegations; thus, the court erred in converting the status conference into a dispositional hearing. *Second*, in all events, mother's failure to appear at the December 30 hearing was excusable and, thus, the resulting judgment and order should be set aside. Mother's first argument is conclusive.

---

[1] During that colloquy, the court and counsel addressed whether, given the context and logistics of the December 15 hearing, mother must have known that the December 26 hearing had been reset to December 30. Given our disposition, it is unnecessary to recount that discussion.

[2] ORS 419B.420 provides:

"Except as provided in ORS 419B.423 and 419B.426, the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

ORS 419B.268(1) provides, in part:

"The summons shall be signed by a counselor or some other person acting under the direction of the court and shall contain the name of the court, the title of the proceeding and, except for a published summons, a brief statement of the substance of the facts required by ORS 419B.242. The summons shall also include a notice:

"* * * * *

"(b)   That if the person named in the summons fails to appear at the time and place specified therein, the court may take jurisdiction of the child, make such orders and take such action as may be authorized by law; * * *"

■      Here, mother never received notice conforming to that statute. The notice in the August 26, 1997, summons pertaining to the initial October 6, 1997, trial date expressly referred to termination proceedings, rather than dependency proceedings—and, similarly, referred to termination, rather than the imposition of jurisdiction, as a potential consequence of failure to appear.[3] Moreover, even if it were assumed that the notice provisions of ORS 419B.268(1)(b) are not necessarily exclusive, there is no evidence that mother was *ever* given *any* notice that she could be defaulted on the jurisdictional allegations if she failed to appear at a pretrial conference.[4]

■      The state argues, however, that we should decline to consider mother's argument because that argument was not raised and preserved in the trial court. The state is correct that the matter was not preserved. Nevertheless, the lack of notice is an error of law "apparent on the face of the record," ORAP 5.45(2), and we exercise our discretion to reach and

_____

[3] The language of the summons appears to comport with those provisions of the juvenile code pertaining to termination of parental rights. *See* ORS 419B.515 (order of termination of parental rights may be made only after service of summons that "shall contain a statement to the effect that the rights of the parent or parents are proposed to be terminated in the proceeding and that if the parent or parents fail to appear at the time and place specified in the summons, the court may terminate parental rights and take any other action that is authorized by law").

[4] As noted, the evidence is uncontroverted that mother appeared at all hearings except for the December 30 pretrial status conference and that, at that time, her attorney informed the court that she was prepared to proceed to trial on January 8.

correct that error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

■ The juvenile court's error is "obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Parental rights are of paramount importance; proceedings affecting those rights must comport with due process. *See generally State ex rel Juv. Dept. v. Geist*, 310 Or 176, 187-90, 796 P2d 1193 (1990) (applying principle to termination proceedings).[5] Notice is essential to due process. *Id.* Consequently, a status conference cannot be transmuted into a jurisdictional hearing because of a parent's nonappearance, unless the parent has been fairly warned of that potential consequence. *See, e.g.*, ORS 419B.268(1)(b). That did not occur here. *Cf. State ex rel Juv. Dept. v. Mertes*, 162 Or App 530, 986 P2d 682 (1999) (accepting state's concession of error with respect to operation of analogous termination statute, ORS 419B.515, where trial court defaulted parent and refused to permit her to participate in subsequent hearing in which the state presented *prima facie* case).

■ We further elect to exercise our discretion to correct that error. In *Ailes*, 312 Or at 382 n 6, the court described the considerations that may properly bear on our exercise of that discretion:

> "[A]mong the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way * * *."

Here, the "gravity of the error" and the concomitant implications for the "ends of justice" are manifest. The juvenile court, without notice, in violation of fundamental principles of due process, adjudicated the merits of a jurisdictional petition at

---

[5] As the court explained in *Geist*:

"The essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner. Fundamental fairness emphasizes factfinding procedures. The requirements of notice, adequate counsel, confrontation, cross-examination, and standards of proof flow from this emphasis." 310 Or at 189-90 (citation omitted).

a preliminary status conference. Counsel's failure to alert the trial court to that error is regrettable. But the consequences of that error are so great that it must be corrected. The judgment establishing dependency jurisdiction and the dispositional order must be reversed.

Judgment establishing dependency jurisdiction and dispositional order reversed; remanded for further proceedings.