Argued and submitted June 9, affirmed September 21, 2016; W. T.'s petition for review denied January 13 (360 Or 752), S. C. T.'s petition for review denied February 2, 2017 (360 Or 851)

In the Matter of M. T., aka M. H.; R. T.; W. T.; J. T.; and C.-R. T., Children.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. C. T.,
aka S. H., aka S. M.;
and W. T.,
*Appellants.*

Multnomah County Circuit Court
14JU04013, 14JU04042, 14JU04043,
14JU04044, 14JU04045;
Petition Number 110979;
A161331

380 P3d 1211

Caitlin Mitchell argued the cause and filed the brief for appellant S. C. T.

Shannon Flowers, Deputy Public Defender, argued the cause for appellant W. T. With her on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

**DEVORE, J.**

In this consolidated appeal, mother and father challenge the juvenile court's judgments asserting jurisdiction over their children. Parents assign error to the trial court's decision—based on parents' absence from the hearing—to overrule their attorneys' objections to the state's evidence. Parents argue that they were denied a right to participate in the hearing through their attorneys.[1] The Department of Human Services (DHS) disagrees and interjects that, due to the parents' absence, the judgments are not appealable. We conclude that the judgments are appealable because parents had answered the petition and summons in the manner directed.[2] On the merits, we conclude that the trial court did not err, because, when absent contrary to the court's order, parents are not permitted to appear through counsel to interpose objections to the state's *prima facie* case. Accordingly, we affirm.

## BACKGROUND

The relevant facts are procedural and undisputed. We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

DHS served mother and father with a summons and the petition to establish juvenile court jurisdiction. The summons directed each parent to "appear in person" before the court on January 22, 2015, at 2:30 p.m., "to admit or deny the allegations in the petition and at any subsequent court-ordered hearing." The summons instructed, "You must appear personally in the courtroom * * *." The summons added, "An attorney may not attend the hearing in your place." The summons warned:

---

[1] Mother also assigns error challenging the sufficiency of the evidence supporting the court's conclusions on the allegations of the petition. We reject that assignment without further discussion.

[2] The same issue appears in another case that we decided today. *Dept. of Human Services v. B. P.*, 281 Or App 218, 234-35, 381 P3d 1073 (2016).

"If you do not appear at the hearing noted above *or at any subsequent court-ordered hearing,* the Court may proceed in your absence, without further notice to you, and take jurisdiction (wardship) over the child(ren), either on the date specified in this summons or on a future date, and make such orders and take other such action as is authorized by law, including but not limited to establishing wardship over the child(ren), ordering the removal of the child(ren), ordering the removal of the child(ren) from the legal and physical custody of the parent(s) * * *."

(Emphasis added; underscoring in original.)

On January 22, 2015, parents personally appeared in court at the time specified for them to appear to admit or deny the petition. The record does not include a transcript that reflects their responses at that proceeding. The court continued the matter a number of times. Several times, the court continued the matter because the court found that more information was needed and, later, because the parents were involved in related criminal proceedings. In all, the parents personally appeared on January 22, 2015, March 19, 2015, April 23, 2015, June 11, 2015, July 17, 2015, and September 24, 2015.[3]

At the September hearing, the juvenile court issued an order, as it had after the prior hearings, that directed parents to appear again in person. Parents were directed to appear at "call" on December 3, 2015. The September order stated:

"*The parent shall appear in person at the call proceeding. The parent's attorney may not attend the call hearing in place of the parent.* If a parent fails to appear in person at call, the court, without further notice and in the parent's absence, may immediately make the child(ren) ward(s) of the court."

(Emphasis added.) The order also directed parents to appear at a prospective trial, set for December 7 through 9, 2015. The order repeated the warning that the parent must appear personally at trial and that the parent's attorney may not appear in place of the parent at trial.

---

[3] Both mother and father appeared on all cited dates except that only father appeared on March 19, 2015.

Parents did not appear for "call" on December 3, 2015. In their absence, DHS presented its evidence in a *prima facie* case before a juvenile court referee. The referee heard testimony from two witnesses, and based on that testimony, found all of the allegations proven. The referee observed that parents "currently have warrants out for their arrest."[4]

Through counsel, mother requested a rehearing before a juvenile court judge. *See* ORS 419A.150 (allowing rehearing *de novo*). The court conducted the rehearing on December 17, 2015, but, once again, parents failed to appear. DHS called attention to the parents' absence and reported that, as a consequence of their prior absence, the referee had not entertained the parents' evidentiary objections. The court indicated that it would consider objections later when presented in the context of the DHS evidence. DHS added that the parents' absence raised a question whether the parents' attorneys had the ability to represent their clients, inasmuch as the parents were not present to answer questions or give directions to counsel about what to do. Mother's attorney said that she knew mother's position and that mother wanted to contest jurisdiction. After reviewing statutes, the court indicated that it agreed with the referee. The court explained that, under ORS 419B.815, the parent is required to appear in person, and, in the parent's absence, the parent cannot appear through counsel. Nevertheless, the court allowed the parents' counsel to make their record.

Once again, DHS presented its *prima facie* case through the testimony of two DHS social workers. During the testimony of the first witness, the attorneys for mother, then father, objected on hearsay grounds to the witness recounting the statements of child M about a large scar on his back and about each parent causing scars. Mother's counsel also objected on hearsay grounds to the witness's statement about mother's substance abuse relating to the physical care and hygiene of the children. The court overruled

---

[4] Parents had entered pleas in their criminal case. The pleas contemplated prison sentences for both parents. The criminal court set sentencing for November 2015, but parents failed to appear at the sentencing hearing. Warrants were issued for the arrest of both parents.

each objection. The court affirmed the determination of the referee and concluded that the state had proven the allegations of the petition.

On appeal, we must consider the question about appellate jurisdiction before we may reach the question about parents' indirect participation in the hearing. The answers to both questions begin with the unique provisions of the Juvenile Code. The answer on appellate jurisdiction will require consideration of ORS 19.245, while the answer on parents' indirect participation will involve legislative history of the Juvenile Code provisions, ORS 419B.815(7) and (8).

## JUVENILE CODE

For purposes of initiating a proceeding to establish juvenile court jurisdiction, ORS 419B.815(1) provides that, "[a] court may make an order establishing jurisdiction * * * only after service of summons * * *." A summons involving such a proceeding is unique insofar as a parent is required to respond in the particular way directed by the summons, and there are three alternative ways to respond. The summons should specify one. A summons should specify that a parent (1) appear personally before the court for a hearing on the merits of the allegations of the petition (*i.e.*, a trial); (2) appear personally before the court at a hearing "to admit or deny the allegations of the petition" (*i.e.*, not itself a trial); or (3) file a written answer within 30 days of service of the summons. ORS 419B.815(2).[5] For those persons who must appear just to admit or deny the petition or file a written answer, the summons must contain a statement that, if the person "contests the petition," then the court will schedule a hearing. ORS 419B.815(5). Similarly, ORS 419B.816 requires that, if such a person contests the petition, then the court shall give further notice of a hearing on the merits of the petition.

Other provisions of those same statutes stress the importance that the parent appears in person at an initial hearing and at *all* subsequent hearings. When the

---

[5] If the summons "does not direct the type of response to be required," then the summons requires the person summoned to file an answer. ORS 419B.815(3).

summons commands the parent's personal appearance, ORS 419B.815(4) states, in part:

"A summons under this section must contain:

"(a)   A statement that the petition seeks to establish jurisdiction * * * and that, *if the person fails to appear at the time and place specified in the summons or an order under ORS 419B.816* [*i.e.,* an order for a hearing after the person has contested the petition] * * * *the court may establish jurisdiction without further notice either on the date specified in the summons or order or on a future date,* and may take any other action that is authorized by law including, but not limited to, making the child a ward of the court and removing the child from the legal and physical custody of the parent or other person having legal or physical custody of the child.

"* * * * *

"(d)   A statement that, if the person is represented by an attorney, *the person must appear personally at any hearing where the person is required to appear,* unless the person is the child at issue * * *. *The statement must explain that to "appear personally" does not include appearance through the person's attorney.*"

(Emphases added.) The authority for that warning follows at ORS 419B.815(7), which provides:

"If a person fails to appear for any hearing related to the petition, or fails to file a written answer, as directed by summons or court order under this section or ORS 419B.816, *the court may establish jurisdiction without further notice,* either on the date specified in the summons or order or on a future date, and may take any other action that is authorized by law including, but not limited to, making the child a ward of the court and removing the child from the legal and physical custody of the parent or other person having legal or physical custody of the child."

(Emphasis added.) To remove any doubt, ORS 419B.815(8) states:

"If the summons requires the person to appear personally before the court, or if a court orders the person to appear personally at a hearing in the manner provided in ORS 419B.816, *the person may not appear through the*

*person's attorney*, unless the person is the child at issue in the proceeding * * *."

(Emphasis added.) When a parent disputes the petition so as to require a hearing on the merits, ORS 419B.816 requires the same notice. The court's order must:

> "Inform the person that, if the person is represented by an attorney, the person's attorney may not attend the hearing in place of the person * * *."

While those provisions are common to both questions in dispute in this case, the question of appellate jurisdiction involves one more provision—a general provision in the statutes on appeals.

## APPELLATE JURISDICTION

DHS contends that the parents' absence amounts to a waiver of the possibility of an appeal.[6] In support of that contention, DHS asserts three propositions: (1) that ORS 19.245(2) prohibits an appeal from a "judgment given * * * for want of an answer," (2) that the statute applies to proceedings under the Juvenile Code, and (3) that parents' absence at the hearings on the merits constitutes a "want of an answer." DHS contends that, because parents failed to "answer," ORS 19.245(2) precludes an appeal. We disagree because parents *had* answered the petition.

We agree that ORS 19.245(2) limits the circumstances in which a party may appeal after having failed to respond as required. The exceptions do not apply here; only the primary rule is at issue. In relevant part, ORS 19.245(2) provides, "A party to *a judgment given* by confession or *for want of an answer* may not appeal from the judgment * * *." (Emphases added.) We also agree that ORS 19.245(2) may apply to judgments rendered under the Juvenile Code. *State ex rel Juv. Dept. v. Jenkins*, 209 Or App 637, 639, 149 P3d 324 (2006), *rev den*, 342 Or 416 (2007) (dismissing appeal from judgment terminating father's parental rights).

In this case, however, ORS 19.245(2) does not apply, because parents responded to their summons in the

---

[6] An appeal, DHS notes, is not an "inherent right," but one that "springs from statute." *Henry and Henry*, 301 Or 185, 188, 721 P2d 430 (1986).

particular manner that it directed. The summons directed mother and father to respond to the petition by appearing personally on January 22, 2015, in order to admit or deny the allegations of the petition. They did appear personally, not only then, but at five subsequent hearings when the matter was continued repeatedly. Given the manner of response required by the summons issued to parents, their appearance in person at a hearing "to admit or deny the allegations of the petition" was the prescribed "answer," and that answer renders ORS 19.245 inapplicable.

At one or more of the six hearings between January and September 2015, parents necessarily "contest[ed] the petition," because the court took the next step of scheduling a hearing on the merits of the petition. *See* ORS 419B.816 (if the person appears as required by summons under ORS 419B.815(2)(b) or (c) and the person "contests the petition," then the court shall inform the person of a hearing on the merits). The scheduling and occurrence of the subsequent hearings on the merits confirm that, at least initially, the parents did contest, rather than concede, the petition on juvenile jurisdiction. Because parents did contest the petition, thereby triggering a hearing on the merits, they did "answer," making ORS 19.245(2) inapplicable.

To urge a contrary conclusion, DHS relies on *Jenkins*. In that case, we held that a judgment terminating the parental rights of a father was given "for want of an answer" because the father was served with a summons to appear at a particular hearing, but he failed to appear. 209 Or App at 645. Like a proceeding to establish juvenile jurisdiction, a proceeding to terminate parental rights (TPR) involves a summons that directs a parent to respond in a particular way. *See* ORS 419B.819(2). In *Jenkins*, we noted "'that a party waives the right to appeal a judgment to which that party has consented.'" 209 Or App at 642 (quoting *Russell v. Sheahan*, 324 Or 445, 451, 927 P2d 591 (1996)). We concluded that, because father had failed to appear at the required hearing as his summons had directed, he had failed to answer and was precluded from an appeal under ORS 19.245(2). *Id.* at 646.

*Jenkins* is distinguishable. That father had failed to answer because he had failed to respond to the TPR summons in the manner directed. He failed to appear at what became both the initial and ultimate TPR hearing. Here, parents answered because they responded to the summons in the manner directed by appearing personally to admit or deny the petition. This case was not like one in which a parent has failed to answer as directed. Rather, this case is more like one in which a summons directs parents to file a written answer and they do so. Parents' appearances to admit or deny the petition was the equivalent of a written answer. Although parents failed to appear at the subsequent hearings on the merits, the effect of those absences become the second issue. As to our first issue, later absences are not a problem involving failure to respond to the summons or answer the petition. We conclude that ORS 19.245(2) does not preclude appellate jurisdiction.

## PARTICIPATION DESPITE ABSENCE

On the central issue, parents contend that the juvenile court erred by denying their attorneys' evidentiary objections, based on parents' absence from the hearing. Parents argue that they should have been permitted to participate in the hearing through their attorneys so as to interpose evidentiary objections and dispute the sufficiency of the *prima facie* case for jurisdiction. In parents' view, there is nothing in the text of ORS 419B.815 that bars their attorneys from taking part in the hearing. Parents reason that their attorneys should be able to dispute the evidence because the court can establish jurisdiction only when finding the petition's allegations are supported by a "preponderance of competent evidence." *See* ORS 419B.310(3) (unless admitted, the facts showing child within the jurisdiction of the court must be established by a preponderance of the evidence). Parents believe that recent amendments to ORS 419B.815 were only meant to prevent parents from delaying the case; they believe that the statute only means that the case may proceed in their absence.

DHS counters that the plain text of ORS 419B.815(7) and (8) dictates that parents were required to appear personally at the hearing and that, when parents are absent,

they could not appear through their attorneys. In its view, parents' absence deprives the department of the chance to call the parents as witnesses, which may be important in determining jurisdiction.

We review the trial court's conclusions for legal error. *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010). We must determine what legal consequence the legislature intended, if any, to result from a parent's failure to appear, where ORS 419B.815(7) provides: "If a person fails to appear for any hearing related to the petition * * * the court may establish jurisdiction without further notice * * *, and may take any other action that is authorized by law * * *." More particularly, we must determine the legislature's meaning, where ORS 419B.815(8) requires a parent to "appear personally" and dictates that the parent "may not appear through the person's attorney."

To determine legislative intent, we examine the text, context, and legislative history of the statute. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). When determining legislative intent, "text and context remain primary, and must be given primary weight in the analysis." *Id.* at 171.

In many ways, the statute's text is plain when stating that a parent must appear personally and not through their attorney. The consequence of failing to appear is suggested by the warning that the court may "establish jurisdiction" without further notice or may take any other action including making the child a ward of the court. That warning is given both with regard to the initial appearance in response to a summons, as well as a subsequent appearance at the hearing on the merits when ordered under ORS 419B.816. The statutes provide repeatedly that, for parents to "appear personally," their physical presence is required. ORS 419B.815(4)(d); ORS 419B.816(3). To "appear personally" does not include appearance through the person's attorney, unless the person is the child at issue. ORS 419B.815(8).

The provisions of ORS 419B.815(7) and (8) suggest that a parents' participation has legal consequence. A parent's participation may be an important part of a hearing,

and a parent's absence, as a practical matter, may promote delay. Logically then, to discourage delay, the legislature could intend that a parent's absence would have legal effect.

Historically, the provisions that predate ORS 419B.815 were understood to have legal consequence for a parent's absence. Prior to 2001, *former* ORS 419B.268(1) provided that the summons directing a parent to appear at a jurisdictional hearing must specify that, "if the person named in the summons fails to appear at the time and place specified therein, the court may take jurisdiction of the child, make such orders and take such action as may be authorized by law[.]" *Former* ORS 419B.268(1) (1993), *repealed by* Or Laws 2001, ch 622, § 57. Assuming proper notice, the parent's absence could be treated as "a default on the jurisdictional allegations." *See State ex rel Juv. Dept. v. Burris*, 163 Or App 489, 493, 988 P2d 414 (1999) (reversing jurisdictional judgment due to inadequate notice). Similarly, *former* ORS 419B.515 (1993), *repealed by* Or Laws 2001, ch 622, § 57, provided for summons commanding an appearance at a termination hearing. *See id.* at 495 (describing summons provision in termination of parental rights to be "analogous"). Our opinions construed that analogous language as the "source of the juvenile court's *substantive* authority to terminate parental rights following a parent's default." *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 543, 317 P3d 950 (2014) (citing *State ex rel Juv. Dept. v. Mertes*, 162 Or App 530, 532-33, 986 P2d 682 (1999)).

It is no surprise, therefore, to find, when examining the legislative history for today's ORS 419B.815(7) and (8), that the sponsors of those statutes gave testimony indicating that a parent's failure to appear personally has a legal consequence for the parent's ability to dispute the case on its merits. The two subsections originated as House Bill (HB) 2272 (2003) and Senate Bill (SB) 325 (2007), respectively, and both were sponsored by the Oregon Law Commission (OLC) through its OLC Juvenile Code Revision Work Group. The work group was composed of judges, parents' attorneys, children's attorneys, Oregon Department of Justice (DOJ) attorneys, and district attorneys.

When HB 2272 was enacted in 2003, members of the OLC work group explained that the bill was drafted to fix a problem inadvertently resulting from the 2001 legislation—a problem that resulted in repeated summons in the process to establish juvenile jurisdiction. HB 2272 changed that procedure so that only one summons was required at the beginning of the process, and thereafter the court would order the parent's continued attendance at hearings. Testimony, House Committee on Judiciary, HB 2272, Mar 6, 2003, Ex H (statement of Michael Livingston). A spokesperson for the work group, Marion County Judge Terry Leggert, explained that, in practice, when the court verbally ordered parents to appear at subsequent hearings, the court told parents that, if they did not appear, that the court is able to "take a default on the case." Audio Recording, House Committee on Judiciary, HB 2272, Mar 6, 2003, at 55.09, https://olis.leg.state.or.us (accessed Aug 22, 2016). Another work group member, Michael Livingston from the DOJ, explained that the summons in a dependency case notified parents that the consequences of failure to appear was a default. Audio Recording, House Committee on Judiciary, HB 2272, Mar 6, 2003, at 58.26, https://olis.leg.state.or.us (accessed Aug 22, 2016).[7] HB 2272 passed without discussion and without objection.

Like 2001, the 2003 legislation had an unintended consequence. The Juvenile Code had previously provided that, if a person summoned had failed to appear, "the court may proceed with the case in the person's absence" and that, "[e]xcept by express permission of the court, for a jurisdictional or termination of parental rights trial or related mandatory court appearances, summoned parties may not waive appearance or appear through counsel." *Former* ORS 419B.917(1), (2) (2001), *repealed by* Or Laws 2003, ch 205, § 12. Although HB 2272 effectively replaced the "court-may-proceed" provision, HB 2272 failed to replace the "may-not-appear-through-counsel" provision. Or Laws 2003, ch 205,

---

[7] Livingston appeared at a later hearing before the Senate Judiciary Committee and stated that the summons notified parents of consequences of a failure to appear. Audio Recording, Senate Committee on Judiciary, HB 2272, Apr 22, 2003, at 1:13.40, https://olis.leg.state.or.us (accessed Aug 23, 2016).

§ 12 (repealing ORS 419B.917). A correction was needed to restore the latter provision.

In 2007, the OLC offered a correction with SB 325. One member of the OLC work group explained that SB 325

"puts back into those summons statutes language that was inadvertently removed in 2003 (HB2272)—language that clarified that parents or persons summoned to, or ordered to appear at, hearings related to jurisdictional, permanent guardianship or termination petitions must appear in person and not through counsel."

Testimony, Senate Committee on Judiciary, SB 325, Feb 15, 2007 (statement of Assistant Attorney General Carmen Brady-Wright). Wendy Johnson, Deputy Director of the OLC, explained that SB 325 was a "clean-up bill." It was drafted to clarify that, in dependency proceedings, a parent must appear personally and cannot rely on an attorney to appear in the parent's place. Audio Recording, Senate Committee on Judiciary, SB 325, Feb 21, 2007, at 50.16, https://olis.leg. state.or.us (accessed Aug 22, 2016). She summarized, among other things, that the bill

"[s]tates more explicitly in the statutes and the summons forms that persons (including parents) must <u>personally</u> appear in juvenile court and not rely on the appearance of counsel in dependency, permanent guardianship, and termination of parental rights cases. (This has been existing law.)"

Exhibit I, Senate Committee on Judiciary, SB 325, Feb 21, 2007 (memorandum) (underscoring in original). As in 2003, the bill's proponents contemplated that it is "not enough for the attorney to be there for you." Johnson testified that, if the parents do not "show up," there may be a default. Audio Recording, Senate Committee on Judiciary, SB 325, May 4, 2007, at 6.28 (statement of Wendy Johnson), https://olis.leg. state.or.us (accessed Aug 22, 2016).

Addressing the Senate, Senator Floyd Prozanski explained the basis for the bill was to protect children who are in the "quagmire" of not being cared for because their parents do not "show up." Audio Recording, Senate Third Reading, SB 325, Mar 12, 2007, at 1:26.07 (statement of Sen Floyd

Prozanski), https://olis.leg.state.or.us (accessed Aug 23, 2016). Addressing the House, Representative Betty Komp explained the proposed amendment reinstated inadvertently removed language to the effect that "appear personally" does not include appearance through the parent's attorney. Audio Recording, House Third Reading, SB 325, June 5, 2007 (statement of Rep Betty Komp), at 1:15.46, https://olis.leg. state.or.us (accessed Aug 23, 2016). She said that the reason for the amendment was that, when parents are involved in a proceeding with potential to remove their legal rights to their child, "the least a parent can do" is appear in court. *Id.* at 1:16.42.

That legislative history confirms that the legislature intended that, when directed to appear in person, a parent's failure to do so should have a legal consequence for the parent's ability to dispute the merits of the petition. The consequence of a parent failing to appear was declared in ORS 419B.815(7): The court may establish jurisdiction without further notice or may take any other action authorized by law, including making the child a ward of the court. To clarify, ORS 419B.815(8) adds that, when a parent is ordered to appear personally under ORS 419B.815(2), to "fail to appear" under ORS 419B.815(7) means to "fail to appear personally." Taken together, the provisions mean that the court may establish jurisdiction, treating the parent's unpermitted absence, in effect, as a "default." That was the legal effect described by the statute's proponents. Although a parent may have initially answered the summons and petition by appearing at an earlier hearing or by filing a written answer, a parent who later violates the court's order to appear personally may be found to be in "default" with regard to the requirement to appear on the merits.

Contrary to parents' arguments, ORS 419B.310(3) does not require the court to entertain the evidentiary objections of parents who are absent in violation of court order. That statute serves only to establish a general rule that the burden of proof at a hearing is a "preponderance of competent evidence." That general provision does not relieve the parents of their duty to be present at the hearing, nor prevent the legal effect of a parent's absence. The more particular provisions, ORS 419B.815(7) and (8), control. *See Powers*

*v. Quigley*, 345 Or 432, 438, 198 P3d 919 (2008) (court will construe two statutes to give effect to all, and, when inconsistent, the more specific statute will control over the more general one).

The legislature left no doubt when adding ORS 419B.815(8), providing, "if a court orders the person to appear personally at a hearing in the manner provided in ORS 419B.816," which is the hearing on the merits, then "the person may not appear through the person's attorney." When a parent is required to appear in person, ORS 419B.815(8) does not permit a parent to appear through counsel. An attorney must be able to "appear" on the parent's behalf in order to interpose objections on the parent's behalf to the merits of the case. *See* ORS 9.310 (attorney is person authorized to represent a party); *see also State v. Jancsek*, 302 Or 270, 282, 730 P2d 14 (1986) (attorney client communications—an attorney does not act for client when not a representative of client).

Contrary to parents' arguments, ORS 419B.815(7) and (8) proscribe their attorneys' ability to appear on the parents' behalf to make evidentiary objections when the parents have failed to personally appear as required. Although an attorney may attend the hearing, the attorney does not provide a parent an opportunity to appear *sub rosa* to make objections while the parent is in violation of the court's order to attend personally. Parents certainly have the opportunity to appear personally, to attend with counsel, and to resist zealously the DHS case. But, as a predicate to such participation, the statute requires the parents' presence, as directed, and the statute cannot be circumvented by proxy. ORS 419B.815(7), (8). Because parents failed to appear as the last order required, parents could not participate through counsel to pose evidentiary objections. Put another way, parents' attorneys cannot save parents from the legal effect of parents' absence by acting for parents to challenge the evidence presented.[8]

---

[8] We recognize that, in a different case, an attorney may appear to explain a parent's reasonable excuse for failure to appear and, relying on the court's discretion, may make a motion to continue the hearing. *See Dept. of Human Services v. E. M.*, 268 Or App 332, 339, 341 P3d 216 (2014) (finding abuse of discretion in denial of father's motion to continue matter when father was required to appear in another courthouse on another matter at about the same time); *see also* Audio

The juvenile court interpreted the Juvenile Code correctly. We conclude that the trial court did not err in taking jurisdiction of parents' children.

Affirmed.

---

Recording, House Committee on Judiciary, SB 325, May 4, 2007, at 3.12 (comment of Wendy Johnson) (juvenile court has discretion to grant extension for valid reason for failure to appear), https://olis.leg.state.or.us (accessed Aug 23, 2016). We also note, as we did in *Jenkins*, that ORS 419B.923 provides a parent a right to move to set aside a judgment on grounds such as excusable neglect. *See, e.g., Dept. of Human Services v. T. M. B.*, 276 Or App 641, 646-47, 369 P3d 419 (2016) (although statute provides judgment may be set aside for good faith mistake, the circumstances presented were not). In the current case, parents' attorneys gave no reasonable explanation for the parents' absence and instead attempted to appear on the parents' behalf to contest the merits of the petition.