No. 701 October 2, 2024 339

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of H. M. R.-C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. R.-C.,
*Appellant.*

Lincoln County Circuit Court
23JU01656; A182184

Amanda R. Benjamin, Judge.

Argued and submitted March 06, 2024.

Elena Stross, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.*

JOYCE, J.

Affirmed.

_____
  * Egan, Judge *vice* Jacquot, Judge

**JOYCE, J.**

Mother appeals from a judgment asserting dependency jurisdiction over her child. In her first assignment of error, mother contends that the juvenile court plainly erred in taking jurisdiction in her absence at a hearing for which she had not been provided notice of the consequences of non-appearance as required by ORS 419B.816. The Department of Human Services (DHS) concedes that error but urges us not to exercise our discretion to correct it. Alternatively, mother argues that her court-appointed counsel was inadequate for failing to object on the basis that mother had not received adequate notice, as required by ORS 419B.816, when the department sought to put on a *prima facie* case in her absence. We affirm.

*Failure to provide required notice:* ORS 419B.816 requires the court to give notice to parents contesting a dependency petition. That notice must include three things: (1) the time, place, and purpose of the hearing; (2) the requirement of personal appearance, informing the person that, if they are represented by counsel, an attorney may not appear in their place; and (3) the warning that, if the person fails to appear, the court can establish jurisdiction over their child.

DHS concedes that the juvenile court here plainly erred in asserting jurisdiction in mother's absence. The court informed mother of the date and time of the trial, but the court did not inform her of the courtroom where the hearing would occur, of the personal appearance requirement, or of the consequences if she did not appear on that date. Mother's counsel did not object to the failure to inform her of that information. We accept the state's concession that the juvenile court plainly erred in failing to notify mother of the location, that her attorney could not appear in her place instead, and of the consequences of nonappearance. *See State ex rel Juv. Dept. v. Burris*, 163 Or App 489, 495, 988 P2d 414 (1999) (discussing the due process right of a parent to be present at, and notified of, jurisdictional hearing).

However, we agree with the state that this is not an appropriate case in which to exercise our discretion. In

addition to already having missed one court date, which resulted in the trial court "rescind[ing its] finding of default" after she gave the court "an explanation of her non-appearance," mother had actual notice of the court date from multiple sources. She had also been notified twice before of the consequences of nonappearance and that her counsel could not represent her in the jurisdictional trial if she was absent. In light of that history, we are unpersuaded that this is an appropriate case in which to exercise our discretion to correct the error. Accordingly, we affirm the juvenile court's jurisdictional judgment.

*Inadequate assistance of counsel:* On the inadequate assistance claim, mother argues that counsel was inadequate for failing to preserve for review the argument that the juvenile court had not provided her with the required notice. To be entitled to relief, mother "must show not only that trial counsel was inadequate, but also that the inadequacy prejudiced [her] rights to the extent that the merits of the juvenile court's decision are called into serious question." *Dept. of Human Services v. T. L.*, 358 Or 679, 702, 369 P3d 1159 (2016); *see also Dept. of Human Services v. L. T. G.*, 329 Or App 270, 271, 540 P3d 1142 (2023) (looking to "the totality of the circumstances" to determine whether counsel's inadequacy deprived a parent of a fair trial).

While we can think of no strategic or tactical reason counsel would have for failing to raise the notice objection to the trial court (and DHS does not suggest one), the record before us does not allow for a determination whether mother was prejudiced by counsel's failure to raise the objection. *T. L.*, 358 Or at 702 ("[I]t is a 'rare' case in which the question * * * will not require the development of an evidentiary record."). That is, we cannot tell whether counsel's failure to object to the lack of notice called the merits of the juvenile court's decision to take jurisdiction into serious question. *Id.* at 704-05.

Where the record on appeal is insufficient to establish whether the parent is entitled to relief, we may either "affirm without prejudice to the parent's ability to renew the claim before the juvenile court under ORS 419B.923 or remand for an evidentiary hearing under ORS 419B.923."

*T. L.*, 358 Or at 704. In this case, we decline to vacate and remand with instructions to hold the hearing under ORS 419B.923. Mother has had the option to file a motion under that statute all along—even while this appeal was pending—and, so far, has chosen not to do so. *See T. L.*, 358 Or at 702. Because of the time that it took the court to reach a jurisdictional decision—based in part on mother's previous nonappearance for the properly noticed *prima facie* hearing—this case had a slow start. A remand for a hearing that mother may or may not pursue will cause further delay. We thus affirm, but "without prejudice" to mother's ability to renew her claim in the juvenile court under ORS 419B.923. *T. L.*, 358 Or at 704; *see also Dept. of Human Services v. T. E. B.*, 279 Or App 126, 134, 377 P3d 682, *rev den*, 360 Or 422 (2016) (affirming "without prejudice to the parent's ability to renew" their inadequate assistance claim under ORS 419B.923 when the "record on appeal is insufficient to determine that father is entitled to relief").

Affirmed.