No. 821          September 24, 2025          497

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. M. C.,
aka J. M. C., Jr.,
*Appellant.*

Lane County Circuit Court
24JU06028; A187451

Stephen W. Morgan, Judge.

Submitted August 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals from a judgment in which the trial court asserted dependency jurisdiction over his child, A. He argues that the Oregon Department of Human Services did not meet its burden to prove that father's mental health gave rise to a current and nonspeculative risk of serious loss or injury to A. We affirm on the ground that father's assigned error is not preserved and, contrary to father's argument, preservation is not excused.

The relevant facts are as follows. Father was ordered to appear at the jurisdictional hearing, and although he was present at the courthouse the morning of the hearing, he left the courthouse and did not appear personally at the hearing. Father's counsel was present but, consistent with ORS 419B.815(8), the juvenile court precluded counsel from participating on father's behalf; as a result, counsel did not challenge the sufficiency of the evidence in any respect.

Consequently, father did not preserve the asserted error on appeal. Father argues that we should conclude that preservation is excused, under the circumstances. He reasons that he had no practical ability to preserve the issue because the juvenile court precluded his lawyer from advocating on his behalf once father failed to appear, as required by ORS 419B.815(8). *Id.* ("If the summons requires the person to appear personally before the court, or if a court orders the person to appear personally at a hearing in the manner provided in ORS 419B.816, the person may not appear through the person's attorney, unless the person is the child at issue in the proceeding * * * ."); *see Dept. of Human Services v. S. C. T.*, 281 Or App 246, 261, 380 P3d 1211 (2016), *rev den*, 360 Or 752; 360 Or 851 (2017) ("ORS 419B.815(7) and (8) proscribe their attorneys' ability to appear on the parents' behalf to make evidentiary objections when the parents have failed to personally appear as required.")

We reject that argument. Father had the ability to preserve the issue he raises on appeal by appearing at the hearing as ordered, which would have permitted him to raise the issue through his attorney. For us to conclude that preservation is excused notwithstanding father's failure to

appear as ordered would circumvent the legislature's intent that in proceedings to which ORS 419B.815(8) applies, the failure to appear means that a parent may not participate in the proceeding. *See S. C. T.*, 281 Or App at 260 (legislative history of ORS 419B.815(7) and (8) shows that "the legislature intended that, when directed to appear in person, a parent's failure to do so should have a legal consequence for the parent's ability to dispute the merits of the petition"). That is because it would, in effect, eliminate the statutory consequence for failing to appear by permitting a parent to raise an issue after the fact without demonstrating that the standards for plain error review are satisfied, putting the parent in the same position as a parent who had appeared as directed and raised the issue.

Father does not request plain error review, and we ordinarily do not review for plain error on our own initiative. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so[.]"). Accordingly, we decline to reach father's assignment of error.

Affirmed.