Argued April 20, reversed and remanded May 21, 1979

In the Matter of Swartzfager, Debbie, A Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*
*v.*
JONES, *Appellant.*
(No. 59,275, CA 12349)
595 P2d 508

Phillip M. Margolin, Portland, argued the cause
and submitted the brief for appellant.

[401]

Mary J. Deits, Salem, argued the cause for respondents. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The mother appeals the trial court's order terminating her parental rights in her daughter, continuing the daughter as a ward of the court, and committing the daughter .to Children's Services Division (CSD) for supervision, planning, and possible adoptive placement. The issue here is the propriety of the trial court's entry of the termination order after a hearing at which the mother was not present.[1]

On April 7, 1978, CSD filed a petition for the termination of the mother's parental rights on the ground that she had "failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child." ORS 419.523(3). After the appointment of counsel to represent the mother, and after certain delays, a hearing was scheduled for June 5, 1978. On May 19, 1978, the mother's counsel moved for a continuance based on a letter from the mother's doctor. The letter stated that the mother had been hospitalized in California for approximately a month and was suffering from a debilitating, degenerative disease[2] which was subject to remission but is terminal. The letter also stated that the mother was unable to walk, and might be unable to travel for up to six weeks. The trial court granted a continuance until July 11, 1978. On the scheduled date, the mother's counsel appeared, and again moved for a continuance "because of my client's physical inability to attend." Counsel offered the earlier letter from the doctor and also stated that the doctor had since informed him that the mother would need an additional two or three weeks before being able to travel. The court denied the motion, and allowed the

---

[1] The mother also argues that the state presented insufficient evidence to prove that she failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of her child. In view of our disposition of this appeal, we do not reach this question.

[2] Systemic lupus erythematosus: A disseminated disease of the skin and mucous membrane. The lesions may involve kidneys, endocardium, lungs and joints. *Stedman's Medical Dictionary.* (2d Ed) (1966).

state to present its case. After the conclusion of the state's evidence, the court set the case over until September to permit the mother to put on testimony. On September 12, 1978, the scheduled date of the hearing, mother's counsel appeared, but the mother did not. Counsel informed the court that he had received a letter from the mother's aunt stating that the mother was again hospitalized. Counsel also offered a letter from a social worker from a California agency which stated, among other things, that the mother was very ill. After hearing arguments, the court entered the termination order.

A motion for a continuance "is addressed to the sound discretion of the trial court, and its action thereon will not be reviewed, except for a clear abuse of discretion." *Sims v. Sowle,* 238 Or 329, 331, 395 P2d 133 (1964). In the present case, as a result of the court's denial of the motion for a continuance on July 11, 1978, the state was able to present its case in the mother's absence and the mother was thus denied a personal confrontation of the witnesses against her. In light of the mother's fundamental interest in retaining her parental rights, *Stanley v. Illinois,* 405 US 645, 92 S Ct 1208, 31 L Ed 2d 551 (1972), and the drastic nature of termination of those rights, *State v. Jamison,* 251 Or 114, 117, 444 P2d 1005 (1968), we hold that under the particularly unusual facts of this case the denial of the motion for a continuance was an abuse of discretion.[3] *Cf. In re McNeil,* 320 A2d 57 (Ct. Spec. App. 1974).

Reversed and remanded.

---

[3] This case does not present us with the necessity of deciding, and we do not decide, whether termination would be proper where it was shown that the parent, by reason of illness of otherwise, would not appear in a reasonable length of time.