Submitted on record and briefs November 10, 1986, affirmed April 8, 1987

In the Matter of
Alisha Marie Vancill, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY et al,
*Respondents,*

*v.*

BRYANT,
*Appellant.*

(84-371; CA A40011)

735 P2d 5

Peter F. M. Warburg, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jens Schmidt, Assistant Attorney General, Salem, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother appeals a judgment terminating her parental rights in her child. Her essential contention is that she was deprived of her due process rights, because she was not present at the hearing. We affirm.

Mother was served with a petition to terminate her parental rights as to one of her children on November 27, 1985. A default order was entered against her on January 7, 1986. Mother contacted an attorney who had been appointed to represent her. On January 22, 1986, an answer was filed on her behalf. The default order was set aside on February 19, 1986, and a new hearing was scheduled for April 3, 1986. Her attorney appeared at the April 3 hearing and stated that he had withdrawn from the case because of his client's lack of cooperation and failure to contact him. Mother was not present. The attorney indicated that his last contact with her had been on January 22. Since that time, he had sent certified letters to her, at an address which she had provided, on January 22 and February 7. Both letters were returned unclaimed. He sent another letter on February 13, which was returned with the notation—"not at this address, try 657 Mill." No city was specified, but he sent letters to that address in both Eugene and Springfield. They were returned without any notation.

The court held the hearing as scheduled, despite mother's absence and the withdrawal of her attorney. During the state's presentation of evidence, a caseworker for Children's Services Division testified that mother had had a baby the previous evening and had taken the baby and left the hospital the same evening without a medical release. The trial court held that the state had presented a *prima facie* case and signed an order terminating mother's parental rights. Mother did not move to set aside the order but appealed directly to this court. She asserts that the trial court erred in allowing the termination hearing to continue in the absence of her and her attorney. Alternatively, she asserts that she had ineffective assistance of counsel, because her attorney should have attempted to contact her through Children's Services Division or, at least, should have moved for a continuance before withdrawing from the case.

■ The Due Process Clause of the Fourteenth Amendment requires that parents be provided with notice and an opportunity to be heard before being deprived of parental rights. *Armstrong v. Manzo,* 380 US 545, 85 S Ct 1187, 14 L Ed 2d 62 (1965). However, a parent with appointed counsel may not delay the orderly process of the law by failing to keep her attorney advised of her whereabouts. *Mahoney v. Linder,* 14 Or App 656, 514 P2d 901 (1973). The federal constitution requires that the state provide an opportunity for a hearing, not an absolute right to be heard under all circumstances. Even when the state seeks to terminate fundamental personal rights, such as those at issue here, a citizen has a duty to cooperate in good faith with the judicial system and to aid in her own defense.

■ Mother cites *State ex rel Juv. Dept. v. Jones,* 40 Or App 401, 595 P2d 508 (1979), for the proposition that a parent's physical incapacity may preclude the state, under some circumstances, from proceeding in a parental rights termination action until the parent is capable of attending a hearing. Although that may be true in some circumstances, the record is insufficient to support mother's claims of ineffective counsel and physical incapacity. The caseworker's testimony was the only evidence presented at the hearing which remotely supports mother's claims.[1] In effect, mother asks this court to evaluate issues which were not fully developed by evidence at the trial level due to her own fault.[2]

Affirmed.

---

[1] This is the relevant portion of the trial transcript:

"Q. (BY MR. BLIXSETH) Did Starr Bryant have a baby last night?

"A. Yes, she did.

"Q. And was there anything medically unusual about the child at the time of its birth?

"A. Last night, I believe, it was about 8:30 p.m. The attending physician, David Miller, contacted Looking Glass, which is Children's Services Division's answering service after hours, and attempted to notify Children's Services Division that the new baby had been born with methamphetamine in his urine.

"Q. And did Starr Bryant stay in the hospital?

"A. No. She immediately left with the baby without a medical release."

[2] Mother did not move to set aside the judgment or for a new trial. There is no evidentiary record about her reasons for not contacting her counsel or for her absence from the hearing.