Argued and submitted January 16, reversed and remanded June 19, reconsideration denied October 2, petition for review denied November 26, 1991 (312 Or 526)

In the Matter of
Joseph Evjen, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Janet EVJEN,
*Appellant.*

(83984 A; CA A66300)

813 P2d 1092

Patrick A. Butler, Portland, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals an order terminating her parental rights in her third child. ORS 419.523(3)(a). The issue presented is whether the court erred in denying mother's motion for a continuance when she was hospitalized and unable to attend the proceeding because of her mental condition.

For the past 15 years, mother has suffered from a chronic bipolar affective (manic-depressive) disorder that is exacerbated by substance abuse and a personality disorder. Because of her mental illness, she experiences delusions that result in inappropriate behavior, frequent hospitalizations and an inability to live independently for any extended period of time. Although medications can stabilize her condition for periods of time, she is either unable or unwilling to take them on a regular basis. According to appellate counsel, her longest recent period of lucidity has been "less than 180 days." At the time of trial, she was pregnant and her medications had been discontinued, thus impeding improvement of her condition. Mother has visited child only five times and has been hospitalized several times since his birth. During supervised visits, she has exhibited disturbed behavior and inattentiveness to his safety. Despite CSD's plan for reuniting mother and child, no progress has been made. Mother continues to suffer from periodic psychotic episodes involving paranoid delusions that incapacitate her or impair her ability to care for herself. Her parental rights in her first two children have previously been terminated.

Child was committed to Children's Services Division at birth and has always lived in a foster home. He was approximately eight months old when the state initiated this proceeding. Mother was present in court when the trial judge set a hearing date for June 5. She expressed her intention to challenge the state's petition and appeared to understand the importance of attending the termination hearing.

Two weeks before the hearing, mother's mental condition resulted in her commitment to Dammasch State Hospital. One week later, her counsel requested a setover, stating that he had been out of contact with mother. Although the record is sketchy, it appears that counsel also requested the appointment of a guardian *ad litem* and that his request was

denied.[1] The termination proceeding was rescheduled for June 15. On June 14, a sheriff went to Dammasch to transport mother to the hearing. However, due to the severity of her condition, she was in restraints and could not be moved from the facility. Over counsel's objection, the proceeding began on June 15. The trial court said:

> "I have not been cited [to] any authority that would require me to postpone the matter in order for [mother] to be present at this hearing under these circumstances where it is clear that she is suffering from extreme mental disburbance. * * * [I]t was not possible to transport her here under her present * * * mental health circumstances and * * * it's clear that that would not have been the appropriate thing to do. But, nevertheless, given her state of mental health I do not find that her presence here today would benefit [trial counsel] in being able to represent her any better than he can in her absence. So I'm going to permit the proceedings to go forward at this time."

The hearing continued on June 27. At that time, mother's condition had worsened, and she remained unable to attend. Her parental rights were terminated.

■    Mother assigns error to the trial court's denial of her motion to continue the termination hearing.[2] She argues that, had the trial been postponed until she was able to participate, "even at the level of apparent expectancy of conduct, the court would have had, as a minimum, a more sagacious and complete perception of whom [sic] the mother was [as] a person." We understand the gravamen of her

---

[1] Although the record does not contain an order denying mother's motion for the appointment of a guardian *ad litem,* mother's trial counsel submitted an affidavit that said:

> "4. On or about May 31, 1990 at EX PARTE [sic], together with D.D.A. Gale Brooks, the Honorable Linda Bergman presiding, I requested permission of the Court to set-over this matter and to have a guardian ad Litem [sic] appointed for Ms. Evjen due to her condition as feared at present and for purposes of trial. The set-over to June 15, 1990 was granted and the request for guardian was denied."

[2] Trial counsel sought a continuance "for such time as may upon examination of [mother] be shown to be necessary to obtain her attendance at a subsequent hearing." That indefinite motion was accompanied by an oral representation that, according to one doctor, mother "might be ready" to leave Dammasch in three weeks or four months. When the state asked that mother's physician be contacted for a statement that would help the court determine precisely when mother would be available, mother's counsel specifically *declined* that invitation.

challenge to be that she was denied a fair trial, because she was not allowed to participate in any manner. We agree.

In *State v. Blum,* 1 Or App 409, 467 P2d 367 (1970), the mother's parental rights were terminated after a hearing that she had not been able to attend, due to her hospitalization at Dammasch. Her mental illness manifested itself in hallucinations, depression and refusal to accept responsibility for herself. The state alleged that those behaviors rendered her "unfit by reason of conduct or conditions seriously detrimental to the child." 1 Or App at 412. At the hearing, she was represented by counsel and a guardian *ad litem.* As in the present case, evidence that she would never be able to care for the child was uncontradicted. The trial court found sufficient evidence to terminate her parental rights, and we affirmed.

In *State ex rel Juv. Dept. v. Stevens,* 100 Or App 481, 786 P2d 1296, *rev den* 310 Or 71 (1990), *cert den* ___ US ___ (1991), the state sought to terminate a father's parental rights. The father was lodged in a federal prison in Washington during the termination hearing but was allowed to testify by telephone and to consult with his attorney. Because he was allowed to participate in that manner and was provided all of the other procedural protections that are required for termination hearings,[3] we held that he was not denied his constitutional right to due process.

■ ■ It is elementary that mother has a fundamental liberty interest in her parental rights. Therefore, she must be given a meaningful opportunity to be heard before she is permanently deprived of her status as the mother of child. As *Stevens* and *Blum* suggest, the opportunity to be heard does not translate into an absolute right to be *physically* present at a parental rights termination hearing.[4] However, it does

---

[3] The father was provided with the procedural protections of notice, an opportunity to be heard, the state's "clear and convincing" burden of proof, appointed counsel, cross-examination of the state's witnesses, an opportunity to present evidence and *de novo* review. *State ex rel Juv. Dept. v. Stevens, supra,* 100 Or App at 487; *see also* ORS 419.523; ORS 419.525.

[4] However, when a parent is absent from a termination hearing only because of a physical condition that has temporarily delayed the ability to travel, we have held that a court should grant a motion for a continuance. *State ex rel Juv. Dept. v. Jones,* 40 Or App 401, 595 P2d 508 (1979).

mean that a parent must be allowed to participate in the hearing in *some* form. Here, mother was not capable of appearing in person and did not participate through a guardian *ad litem*. We hold that, under those circumstances, the termination proceeding was not fundamentally fair.

Reversed and remanded.