Submitted July 9, reversed and remanded December 31, 2014

In the Matter of D. I. J. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. M.,
*Appellant.*

Multnomah County Circuit Court
2006806982;
Petition Number 109963M;
A155967 (Control)

In the Matter of K. A. A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner- Respondent,*

*v.*

E. M.,
*Appellant.*

Multnomah County Circuit Court
2006806984;
Petition Number 109963M;
A155966

In the Matter of M. A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. M.,
*Appellant.*

Multnomah County Circuit Court
2006806983;
Petition Number 109963M;
A155968

In the Matter of D. B. A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. M.,
*Appellant.*

Multnomah County Circuit Court
2006806985;
Petition Number 109963M;
A155969

341 P3d 216

Peter Gartlan, Chief Defender, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

EGAN, J.

**EGAN, J.**

In this consolidated termination of parental rights case, father appeals from the judgments terminating his parental rights to his four children. We conclude that the juvenile court abused its discretion in denying father's motion for a continuance and therefore, reverse and remand.

We review the juvenile court's denial of a motion for a continuance for abuse of discretion. *State ex rel Dept. of Human Services v. K. C.*, 227 Or App 216, 230, 205 P3d 28 (2009). That is, we review whether the court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome. *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 534, 317 P3d 950 (2014).

The relevant facts are procedural and undisputed. The juvenile court asserted jurisdiction over father's four children in August 2011. Approximately 18 months later, the Department of Human Services (DHS) filed a petition to terminate the parental rights of both parents. On November 15, 2013, while father was in custody in King County, Washington, the department served father with the petition and summons which directed father to personally appear for a "call date" on November 27, 2013, at 8:30 a.m., and for a trial from December 2 to December 6, 2013, beginning at 9:00 a.m., each day. The summons included a notice to father that he must personally appear and of the consequences if he failed to appear:

> "You must personally appear at the date, time, and location noted above for a hearing on the allegations in the petition, and you must personally appear at any subsequent court-ordered hearings. You cannot appear by or through your attorney. If you do not appear as directed above at the hearing, or at any subsequent court-ordered hearing, the Court may proceed in your absence, without further notice to you, and terminate your parental rights to the above-named child (ren) either on the date specified in this summons or on a future date, and make such orders and take such action as authorized by law."

(Boldface omitted.) Because father anticipated being in custody at the time of the trial, his attorney arranged to

have a video feed available for father to participate in the trial from the King County Jail. However, the King County Jail released father on Wednesday, November 27, 2013, the day before Thanksgiving, at approximately 4:50 p.m. Upon his release, father was ordered to appear in King County Washington Superior Court to be indicted on additional charges at 8:30 a.m. on the following Monday, December 2, 2013, one-half hour before the termination trial in Oregon was scheduled to begin.

Father did not appear personally at the termination trial at 9:00 a.m. on Monday, December 2, 2013, but his attorney was initially present. DHS argued that the court should allow presentation of a *prima facie* case in father's absence,

> "because [father] was released on the evening or late afternoon of the 27th—the 28th was the Thanksgiving Holiday, but all of the 29th the courts were open. [Father] made no attempt at contact for this Court to make alternative arrangements if his criminal case was going to take his attention, nor is it my understanding he's contacted his caseworker or his counsel."

In response, the following colloquy occurred between father's attorney, the court, and counsel for DHS:

> "[FATHER'S COUNSEL]:  My position, Your Honor, is that he is due at another courthouse. Obviously he can't be in two courts at the same time.
>
> "THE COURT:  He can operate a telephone.
>
> "[FATHER'S COUNSEL]:  Yes, I understand that. I—
>
> "THE COURT:  My view on this would be far different if there's an attempt to communicate. With no attempt to communicate, I'm going to allow the prima facie. Had there been any inkling of attempt to deal with this matter, I would not have done this. I would set the trial over, frankly, but at this point, no.
>
> "[ATTORNEY FOR DHS]:  Thank you, Your Honor. Your Honor, the State would—
>
> "THE COURT:  Do you wish to remain?
>
> "[FATHER'S COUNSEL]:  I do not, Your Honor.
>
> "THE COURT:  Okay. You are excused."

DHS then presented the *prima facie* case in the absence of father and father's counsel. After hearing the evidence, the juvenile court terminated father's parental rights. This timely appeal followed.

On appeal, in his first and third assignments of error, father contends that the juvenile court erred in allowing the *prima facie* termination of his parental rights because father appeared through his attorney but his attorney did not remain throughout the hearing. In his second assignment of error, father asserts that the juvenile court erred in denying his implicit motion for a continuance.[1] Finally, in his fourth assignment of error father argues that the proceeding was fundamentally unfair due to his counsel's decision to leave the termination hearing.

We begin with father's second assignment of error, because it is dispositive. As noted, father assigns error to the juvenile court's denial of his motion for a continuance. DHS responds that the juvenile court did not abuse its discretion in declining to continue the termination trial after father failed to appear.

A juvenile court has the authority to postpone a hearing or make other procedural accommodations to protect the parent's right to participate, ORS 419B.875(2)(c), when a parent is *unable to or prevented from personally appearing* due to the parent's incarceration, physical condition, mental illness, or need to be in another courthouse at the same time as the parent's scheduled hearing, for example. ORS 419B.800(3) ("ORS 419B.800 to 419B.929 [governing procedure and practice in all juvenile court proceedings under ORS chapter 419B] do not preclude a court in which

___

[1] In the Order of Summary Determination of Jurisdiction, the appellate commissioner noted that the parties disputed whether father's counsel requested a continuance. In subsequent briefing, father acknowledged that counsel had not expressly asked for a continuance, but that the court had viewed counsel's statements that father "can't be in two courts at the same time" as such, and had denied his "implicit" motion for a continuance.

In its answering brief, DHS agreed that the juvenile court appeared to treat father's counsel's statements as an informal motion for continuance and does not otherwise argue that we cannot reach father's assignment of error on the merits. Because the parties do not dispute that father's counsel's statements to the court constituted a motion for continuance, we proceed on that basis.

they apply from regulating pleading, practice and procedure in any manner not inconsistent with ORS 419B.800 to 419B.929."); *see also State ex rel Juv. Dept. v. Evjen*, 107 Or App 659, 663 n 4, 813 P2d 1092 (1991) ("[W]hen a parent is absent from a termination hearing only because of a physical condition that has temporarily delayed the ability to travel, we have held that a court should grant a motion for a continuance." (Citing *State ex rel Juv. Dept. v. Jones*, 40 Or App 401, 595 P2d 508 (1979))).

Here, in denying father's motion for a continuance, the court failed to take into account that father had maintained contact with his attorney in preparation for the termination trial and had been cooperative with the judicial process. *See, e.g., State ex rel Juv. Dept. v. Bryant*, 84 Or App 571, 574, 574 n 2, 735 P2d 5 (1987) (affirming termination judgment when a parent—who was represented by counsel—stymied termination proceedings by her own actions, including by failing to cooperate in good faith with the judicial system, make contact with her appointed attorney, or aid in her own defense). Further, the court did not consider that father had previously arranged to appear electronically from jail, ORS 419B.918, before he was released from jail near the end of the business day on the eve of a holiday weekend with instructions to appear at an arraignment the following Monday morning, a mere 30 minutes before father's termination trial was scheduled to begin in another state. Indeed, the court failed to consider that the termination trial was scheduled to occur over the course of four days, from December 2 through December 6, and postponing the hearing for as little as several hours or one day would have allowed father the opportunity to participate in the hearing.

DHS argues that the court did not abuse its discretion, because father was absent and did not contact his attorney or the court to notify either of his need to be at the arraignment in Washington. Although it appears that father may have had an opportunity to contact his attorney or the court directly on the Friday after Thanksgiving, there is no indication in the record whether father's attorney's office had been open that day or—due to the brief nature of the exchange between father's attorney and the

court—that father had *not* contacted his attorney's office. The trial court's one-line inquiry questioned father's ability to operate a telephone while ignoring entirely the constraints of imprisonment, displacement, and indigence. In any event, in light of father's involvement with his attorney in preparing for the trial and his attorney's appearance and argument on his behalf, the reasons behind father's possible failure to communicate with his attorney do not appear to have any bearing on whether it remained his intention to participate in the termination hearing and whether the juvenile court abused its discretion in failing to grant a continuance.

Practically speaking, father's dilemma—being ordered to appear in two courtrooms at approximately the same time—places him in such a difficult position that the trial court was obligated to choose a different course. We envision a similar circumstance in which the father had been ordered to appear in two separate courtrooms at the same courthouse. As a practical matter, we do not believe that a court would deny the motion for a continuance or fail to make other procedural accommodations in that circumstance even if the parent had not informed the court of the scheduling issue until the day of the hearing.

Based on the circumstances presented, the juvenile court erred by denying father's motion for continuance or otherwise failing to make other procedural accommodations to protect father's right to participate, ORS 419B.875(2). ORS 419B.800(3).[2]

Reversed and remanded.

---

[2] Based on our conclusion, we do not reach father's remaining assignments of error.