**133 Nev., Advance Opinion 21**

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO M.M.L., JR., A MINOR.

No. 69210

MISTIE P.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES,
Respondent.



**FILED**

MAY 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order terminating parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

*Affirmed.*

The Grigsby Law Group and Aaron Grigsby, Las Vegas, for Appellant.

Steven B. Wolfson, District Attorney, and Stephanie Richter, Deputy District Attorney, Clark County, for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, C.J.:

In this appeal, we address whether a petition for termination of parental rights can proceed when the parent is incompetent by criminal trial standards. The Nevada Rules of Civil Procedure provide that a

"court shall appoint a guardian ad litem for an . . . incompetent person not otherwise represented in" a civil action "or shall make such other order as it deems proper for the protection of the . . . incompetent person." NRCP 17(c). The rules of civil procedure apply in termination of parental rights cases. *See* NRS 128.090(2). Unlike criminal proceedings, there is no rule or statute requiring a district court to indefinitely continue an action to terminate one's parental rights in the hope that a party may one day regain competence. Moreover, Nevada's termination statutes allow mental illness to be used as a factor in finding parental fault. *See* NRS 128.106(1)(a).

The instant case involves a mother whose parental rights were terminated without her presence and ability to assist in her defense. The mother believes that her due process rights were violated when the district court proceeded without her. The district court (1) appointed a guardian ad litem pursuant to NRCP 17(c), (2) granted numerous continuances so that the mother could regain an ability to assist in her defense, and (3) considered the interests of all of the necessary parties before reluctantly proceeding with the trial. Accordingly, the district court did not violate any rules and complied with due process requirements, and we affirm its decision to proceed with the trial.

## FACTS AND PROCEDURAL HISTORY

At the time of the child's birth, the hospital staff alerted the Department of Family Services (DFS) of concerns regarding the mother's mental health because she insisted that the child was not hers and instead tried to take another child from the hospital. The mother told the hospital staff that she had been diagnosed with schizoaffective bipolar disorder.

When the child was two months old, the mother brought him to the hospital, claiming that her son had complained (in complete

SUPREME COURT
OF
NEVADA

(O) 1947A

sentences) that he had an earache. The child was placed into protective custody due to concerns regarding the mother's mental health. The State filed an abuse and neglect petition, alleging that the mother's mental health adversely affected her ability to parent the child. The district court adjudicated the child as a neglected child, made the child a ward of the court, and placed the child into DFS's legal custody.

The mother received a case plan that primarily focused on her mental health. After that time, DFS observed numerous indicators that the mother's mental health was not improving.

The State filed a petition to terminate the mother's parental rights in May 2014. Soon after, the mother was arrested and taken into custody on charges of kidnapping after she allegedly boarded a bus and attempted to take a child that she erroneously believed to be hers. However, because the State's family division attorneys claimed they could not determine the mother's whereabouts before filing the petition,[1] the State sought and received permission to serve the mother by publication.[2]

On August 13, 2014, the mother's counsel requested that the case be set for trial and that a guardian ad litem be appointed due to the mother's incompetency in her criminal proceedings. Counsel did not, however, object to the State's method of service when requesting a

_____

[1]In the State's affidavit for service by publication, it attested that its due diligence search for the mother included a search of the local detention centers, Nevada Department of Corrections, and Federal Bureau of Prisons without any success.

[2]At oral argument before this court, counsel for the State indicated that it regularly seeks permission to serve notice by publication for petitions to terminate parental rights.

guardian ad litem. Between December 2014 and July 2015, the district court continued the trial numerous times due to the mother's inability to regain competence to stand trial in her criminal case.

On September 10, 2015, the district court conducted the trial in the parental rights case. Although the mother remained incompetent, her court-appointed guardian ad litem was present. On September 21, 2015, the district court granted the State's petition to terminate the mother's parental rights. The mother now appeals from the district court's decision.[3]

## DISCUSSION

*Nevada law does not require that a parent be deemed competent before a district court may proceed in a termination of parental rights matter*

The mother claims that the district court violated her due process rights when it terminated her parental rights because the court failed to conduct a balancing test pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976), prior to declining her latest request for a continuance. We disagree.

Whether to grant or deny a continuance lies within the district court's discretion. *S. Pac. Transp. Co. v. Fitzgerald*, 94 Nev. 241, 243, 577 P.2d 1234, 1235 (1978). We will not reverse a district court's decision to grant or deny a motion for a continuance "except for the most potent reasons." *Neven v. Neven*, 38 Nev. 541, 546, 148 P. 354, 356 (1915).

No state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV(1); *see also* Nev.

---

[3]On appeal, the mother does not challenge the district court's findings regarding parental fault or whether the termination was in the child's best interest.

Const. art. 1, § 8(5). Parents have a fundamental liberty interest "in the care, custody, and management of their child [that] does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981).

To determine whether due process rights require the continuance of a termination trial until the parent is deemed competent, the district court must apply the *Mathews* balancing test. *Id.* The test requires that the court consider and balance (1) the parent's interest and (2) the risk of erroneous deprivation against (3) the government's interest. *Id.*

Both parties agree that competency to stand trial is a required finding in criminal cases. The issue is whether competency is a required finding before the district court may proceed in a termination-of-parental-rights trial. The Nevada Rules of Civil Procedure apply in parental rights cases, NRS 128.090(2), and there is no binding authority requiring a district court to wait for a litigant in a civil action to gain competence before proceeding to trial. The only binding authority on competency in civil cases is that the court must either appoint a guardian ad litem for the incompetent party or issue any other order it deems appropriate. NRCP 17(c).

In Nevada, "[t]he continuing needs of a child for proper physical, mental and emotional growth and development are the decisive considerations in proceedings for termination of parental rights." NRS 128.005(2)(c). This generally means that the child's permanency and

SUPREME COURT
OF
NEVADA

(O) 1947A

5

stability are of the utmost importance, and the child should not be denied stability while waiting for the parent to address the issues that led to the child's removal. *See* NRS 128.107(4) (requiring the court to consider if additional services would enable the return of the child to the parent "within a predictable period"); NRS 128.109(2) (requiring the court to presume that if a child has resided outside of the parent's care for 14 of any 20 consecutive months, termination of the parental rights is in the child's best interest); *Bush v. State, Dep't of Human Res.*, 112 Nev. 1298, 1304, 929 P.2d 940, 944 (1996) ("[T]he rights of the children to a stable future with a loving family must be paramount. Otherwise, the children's development is compromised for the sake of the parents."); *In re Parental Rights as to Weinper*, 112 Nev. 710, 716, 918 P.2d 325, 330 (1996) (recognizing that "it would be a grave injustice to force [the child] to remain in limbo indefinitely until" the father chose to address his substance abuse issues and criminal activity), *overruled on other grounds by In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 8 P.3d 126 (2000).

Other jurisdictions have specifically considered whether competency to stand trial is a prerequisite before a termination hearing may occur. *See* Fatma E. Marouf, *Incompetent but Deportable: The Case for a Right to Mental Competence in Removal Proceedings*, 65 Hastings L.J. 929, 949 (2014). Courts in Georgia, Illinois, Missouri, and Texas have found that awaiting competency prejudices the best interests of the child. *See, e.g., In re N.S.E.*, 666 S.E.2d 587, 589 (Ga. Ct. App. 2008); *In re Charles A.*, 856 N.E.2d 569, 573 (Ill. App. Ct. 2006); *In re W.J.S.M.*, 231 S.W.3d 278, 283 (Mo. Ct. App. 2007); *In re R.M.T.*, 352 S.W.3d 12, 23 (Tex. App. 2011). On the other hand, some courts have held that district courts

violate due process when they fail to continue a trial when a parent has recently been deemed incompetent. *See, e.g., State ex rel. Juvenile Dep't v. Evjen*, 813 P.2d 1092, 1094 (Or. Ct. App. 1991). The Connecticut Supreme Court has found that a district court violates a parent's due process rights when it fails to hold a pretrial competency hearing upon request. *See In re Alexander V.*, 613 A.2d 780, 785 (Conn. 1992); *but see In re Kaleb H.*, 48 A.3d 631, 640 (Conn. 2012) (holding that a competency hearing was not necessary when the record did not contain any facts to demonstrate the parent would be incompetent to stand trial).

Here, there is no dispute that the mother was incompetent to stand trial in her criminal proceeding on September 10, 2015, when the district court commenced the termination trial. In fact, the mother was committed to Lake's Crossing, released, and deemed competent before being recommitted and reclassified as incompetent to stand trial in her criminal case. Unlike in *Evjen*, where the district court denied the parent's initial continuance request after being recently deemed incompetent, *see* 813 P.2d at 1094, the incompetency determination regarding the mother in this case was not recent, and the district court allowed the mother multiple opportunities to regain competence before reluctantly proceeding with the termination trial. Furthermore, although the district court did not explicitly reference the *Mathews* test, the record indicates that the district court considered all of the necessary factors: (1) the mother's interest; (2) the State's interest both in obtaining a speedy resolution and, more importantly, in protecting the child's best interests, including obtaining a permanent home for the child; and (3) the risk of erroneous deprivation of the mother's and the State's interests when it

proffered that this case could be perpetually continued until the child reached the age of 18 if it did not proceed.

Finally, Nevada's termination statutes expressly allow mental illness to be used as a factor in finding parental fault to terminate a parent's rights. NRS 128.106(1)(a). This fact distinguishes the instant case from the Connecticut rule requiring a pretrial competency hearing upon request, as mental illness is not a statutory ground to terminate parental rights in Connecticut. *See* Conn. Gen. Stat. § 45a-717(d) (2015). Therefore, it would be a legal and logical inconsistency in Nevada if the parent's mental illness is both grounds to terminate the parent's rights and to indefinitely delay that very same termination.

The district court did not abuse its discretion in denying the mother's request for another continuance because the record indicates that the district court appointed a guardian ad litem pursuant to NRCP 17(c), no binding authority requires a finding of competence before proceeding, the district court considered the necessary interests for due process purposes, and a rule requiring competency would conflict with the substantive grounds to find parental fault. Accordingly, we conclude that the district court properly proceeded with the parental rights trial despite the mother's incompetence to stand trial in her criminal case.

*The district court had personal jurisdiction over the mother despite allegations of insufficient service because she failed to object below and thus has waived the issue*

The mother argues that the State fraudulently obtained permission to serve her by publication because it was aware of her whereabouts when it filed its petition to terminate her parental rights; therefore, she contends that the district court did not have personal jurisdiction over her. The State, however, argues that the mother waived

any challenge to service or personal jurisdiction because she did not object to service or personal jurisdiction during her initial pleading, her initial appearance, or at any other time in the district court. Although the mother's allegations, if true, are indeed troubling, we agree with the State that the mother has waived this argument.

In a proceeding to terminate a parent's rights, the State must serve the parent with a notice of hearing if the State knows his or her place of residence. NRS 128.060(2)(a). If his or her place of residence is unknown, then the State must serve notice on the nearest known relative if the State knows that relative's residence and relationship. *Id.* If the parent's whereabouts are unknown and due diligence does not reveal them, the State may petition the district court by affidavit for permission to make service by publication. NRS 128.070(1). "Objections to personal jurisdiction, process, or service of process are waived, however, if not made in a timely motion or not included in a responsive pleading such as an answer." *Hansen v. Eighth Judicial Dist. Court*, 116 Nev. 650, 656, 6 P.3d 982, 986 (2000); *see also* NRCP 12(h)(1) ("A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . .").

Here, the record shows that the mother's counsel repeatedly objected to the scheduling of the trial on the grounds of incompetence to stand trial in her criminal case, asked for a guardian ad litem to be appointed, and requested numerous continuances, but did not object to the State's method of service or challenge the court's personal jurisdiction over her. Because the mother failed to object to jurisdiction or service at any

time in the district court, we must conclude that she has waived this issue and the district court had personal jurisdiction over her.

## *CONCLUSION*

There is currently no statutory authority requiring a district court to continue a parental rights termination trial so that a parent may regain competence. In fact, to require all proceedings halted until a parent regains competence conflicts with potential grounds to terminate the parent's rights. Moreover, the district court considered all of the necessary due process interests before proceeding with the trial and appointed a guardian ad litem pursuant to NRCP 17(c). Therefore, the district court did not err by proceeding to trial without a competent mother to defend herself. Further, because the mother's counsel failed to object to the State's method of service in her initial pleading or at any time in the district court, she waived her challenge to the service of the parental rights termination petition by publication. Accordingly, we affirm the district court's order.

_____, C.J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

