***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 16, affirmed September 28, 2022, petition for review denied
February 9, 2023 (370 Or 740)

In the Matter of E. A. U.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. B.,
*Appellant.*

Jackson County Circuit Court
21JU04675;
A178124 (Control), A178129

Joe M. Charter, Judge. (Judgment of Jurisdiction—February 2, 2022)

David J. Orr, Judge. (Judgment of Jurisdiction and Disposition—February 11, 2022)

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joel C. Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In this juvenile dependency case, mother appeals jurisdictional and dispositional judgments related to her child, E. At the time of the jurisdictional hearing, mother was living in California and her child was living with friends in Oregon. Without filing a motion for remote appearance, mother appeared at the jurisdictional hearing telephonically. Her attorney moved for a continuance to confer with mother after which mother explained that she had not been in touch with her attorney. Her attorney then moved to withdraw. The juvenile court granted the motion to withdraw, denied the continuance, and proceeded with the jurisdictional trial, ultimately taking dependency jurisdiction over E. On appeal, mother assigns error to the juvenile court's denial of her attorney's motion for a continuance and to its determination that it had dependency jurisdiction over E. She also raises several unpreserved assignments of error, including an inadequate assistance of counsel claim. We affirm.

A.   *Unpreserved Assignments of Error*

We begin by discussing each of mother's unpreserved assignments of error in turn. Mother acknowledges that they are not preserved but contends with respect to most of them that they constitute plain error and that we should exercise our discretion to review and correct those errors under ORAP 5.45(1). With respect to the final unpreserved assignment of error, which raises an inadequate assistance of counsel claim, mother points out that preservation is not required for such a claim and urges us to review for legal error.

Whether a claimed error is "plain" is a legal question. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If an error is plain, the court may exercise discretion whether to correct it. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). To make a case for plain error review, then, an appellant must "identify the precise error, specify the state of the proceedings when the error was made, and

set forth pertinent quotations of the record where the challenged error was made." ORAP 5.45(4)(b).

*Grant of motion to withdraw.* Mother first argues that the court plainly erred in permitting her attorney to withdraw. We disagree. Although mother had sufficient time to work with her attorney to prepare for the hearing, she was not cooperative with her attorney before the hearing and did not appear as directed in her summons. That made it impossible for her attorney to confer with her and represent her appropriately. Beyond that, the right to counsel in dependency proceedings is not automatic, but only arises "whenever the nature of the proceedings and due process so require, and when the parent or legal guardian has been determined by the court to be eligible to receive appointed counsel" under applicable law. ORS 419B.205(1). In making a determination of whether to appoint counsel, a court must consider:

> "(a)   The duration and degree of invasiveness of the interference with the parent-child relationship that possibly could result from the proceeding;

> "(b)   The complexity of the issues and evidence;

> "(c)   The nature of allegations and evidence contested by the parent or legal guardian; and

> "(d)   The effect the facts found or the disposition in the proceeding may have on later proceedings or events, including but not limited to termination of parental rights or criminal proceedings."

*Id*. *See also Dept. of Human Services v. T. L.*, 358 Or 679, 688, 369 P3d 1159 (2016) ("[A] juvenile court retains authority to deny a parent's request for counsel in [pretermination] dependency proceedings \*\*\*. At least arguably, \*\*\* the importance of legal representation for parents may be somewhat reduced in pretermination dependency proceedings."). Having considered the record, it is not plain that the hearing below was one in which the court would be outside its discretion in declining to appoint counsel in the first instance. Given that, it was not plain error to permit mother's attorney to withdraw under the circumstances

present here, where mother had failed to avail herself of opportunities to work with her attorney to prepare for the hearing.

*Failures to act* sua sponte. Next, we turn to mother's unpreserved assertions that the juvenile court erred by failing to act in several instances. The state argues that mother, by asserting that the court erred by not acting *sua sponte*, seeks to challenge what the court did *not* do, rather than challenge a "legal, procedural, factual, or other ruling," and therefore we should decline to consider those assignments of error. *See* ORAP 5.45(3). That argument fails because there is precedent for reviewing an appellant's allegation that a court's failure to take *sua sponte* action was erroneous. *See, e.g.*, *State v. Boauod*, 302 Or App 67, 75-76, 459 P3d 903 (2020). However, mother's unpreserved challenges to the juvenile court's inaction fail for the simple reason that it is not plain that the court's inaction was erroneous.

With regard to mother's allegation that the juvenile court plainly erred by failing to *sua sponte* order a continuance to appoint mother new counsel after it allowed mother's counsel to withdraw, that failure to act was plain only if it is beyond dispute that mother had a right to participate in the jurisdictional hearing with and through counsel. Because mother did not appear as directed in her summons, and because ORS 419B.815(7) permits jurisdictional hearings to proceed in the event of a parent failing to appear, it is not beyond dispute that she had a right to participate in the jurisdictional hearing at all. Additionally, as noted, it is not plain that ORS 419B.205 would *require* the court to appoint counsel for this particular hearing (as distinct from giving it the discretion to appoint counsel), let alone require the court to appoint new counsel after her previous counsel withdrew.

Finally, because ORS 419B.815(8) explicitly states that "[i]f the summons requires the person to appear personally before the court, * * * the person may not appear through the person's attorney," it is not plain that mother had a right to a newly appointed attorney. As we have held, a parent who fails to appear in person as directed at a dependency hearing is not entitled to appear through counsel. *Dept. of*

*Human Services v. M. C. T.*, 281 Or App 246, 261, 380 P3d 1211 (2016), *rev den*, 360 Or 752 (2017), and *rev den*, 360 Or 851 (2017). Because mother did not appear in person as directed, it is far from obvious that the juvenile court had an obligation to appoint new counsel where mother would not have been permitted to appear through counsel under the terms of the statute.

*Exclusion during testimony.* Mother next asserts that the "juvenile court erred in excluding mother from the courtroom during [E's] testimony during the department's case-in-chief." The court had previously entered an order under ORS 419B.310(1) to exclude mother from the court-room when E testified. Thus, mother's argument is, in effect, an assertion that the trial court plainly erred by not revoking that order once mother was not represented. But it is not obvious that the statute, designed to protect the child, would require the court to permit a self-represented parent to hear a child's testimony where, as here, the court has determined that having the parent in the courtroom is contrary to the child's best interest. As a result, the court did not plainly error by omitting to revoke its prior exclusion order.

*Mother's* pro se *participation*. Mother's next unpre-served assignment of error asserts that the "juvenile court erred in forcing [her] to proceed to trial *pro se*." That con-tention rests on the assumption that mother was required to participate in the jurisdictional hearing and that she had a right to an attorney in that proceeding. As to mother's participation, the juvenile court gave mother the "option * * * of staying on the phone to listen to the evidence and present any testimony that [she] want[ed] to present." She responded, "okay," stayed on the line, and chose to participate whenever the court gave her the opportunity. Accordingly, it is not plain that mother was "forced" to proceed *pro se*, as distinct from being given the opportunity to participate in a hearing when the court was authorized, under ORS 419B.815(7), to proceed without her. And as already dis-cussed, it is not plain under ORS 419B.205 that the nature of the jurisdictional hearing or mother's due process rights entitled her to the appointment of counsel for this particular hearing.

*Inadequate assistance of counsel.* As noted, mother's final unpreserved assignment of error asserts that her trial counsel was inadequate. Although unpreserved, that contention is one that properly can be raised for the first time on appeal. *T. L.*, 358 Or at 703-04.

However, the record is not sufficiently developed "to determine whether inadequate assistance was rendered or whether [mother] suffered cognizable prejudice as a consequence." *Id.* at 703. Accordingly, for that reason and as we and the Supreme Court have done elsewhere, we affirm without prejudice to mother's inadequate assistance claim. *See, e.g.*, *id.* at 703-04; *Dept. of Human Services v. H. H.*, 266 Or App 196, 206-07, 337 P3d 929 (2014), *rev den*, 356 Or 837 (2015) (affirming without prejudice to parents' ability to renew claim in juvenile court under ORS 419B.923 so as to further develop evidentiary record); *Dept. of Human Services v. T. E. B.*, 279 Or App 126, 134, 377 P3d 682 (2016) (same).

## B.   *Preserved Assignments of Error*

*Denial of continuance.* Moving to mother's preserved assignments, we first address her contention that the juvenile court erred by denying her attorney's motion for a "brief continuance to review documents." We review a juvenile court's denial of a motion for a continuance for abuse of discretion. *Dept. of Human Services v. E. M.*, 268 Or App 332, 335, 341 P3d 216 (2014). That is, "we review whether the court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome." *Id.*

We agree with the state that the juvenile court did not abuse its discretion by denying the continuance. Mother was directed to appear in person and failed to do so, and mother's explanations about why she had failed to be in touch with her lawyer were not ones that the court had to accept as justifying a continuance. For example, mother asserted that she had not been in touch with counsel for a month and a half because her phone caught fire causing her to lose contact information, which she had only regained recently; mother did not indicate that she had made other efforts during that time to get in touch with counsel by contacting the court directly.

This court has held in similar circumstances that a juvenile court's denial of a continuance is not an abuse of discretion. For example, in *State ex rel SOSCF v. Thomas*, 170 Or App 383, 391-92, 12 P3d 537 (2000), we found no abuse of discretion for denying a continuance where the parent failed to appear because the parent had had over two months to make arrangements for the hearing, the focus of the proceeding was on the child's needs, and the court made offers of accommodation that were declined.

The facts here are similar. Mother had over two months to be in touch with her attorney and either arrange to appear in person or motion for a telephonic appearance. She did not do so, the record provides no basis for concluding that those failures were the fault of her attorney and, more to the point, mother's explanations for why she did not contact her attorney, even if credited, would not require a juvenile court to conclude that mother's failure to work with her attorney to prepare the case was excusable. In that context, the juvenile court would be well within its legal discretion to deny the continuance.

*Assertion of jurisdiction*. Mother also preserved her contention that the juvenile court erred in taking jurisdiction. On that contention, however, we agree with the state that mother has not adequately developed her argument as to why the juvenile court erred. Accordingly, we decline to address that assignment of error. *Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) ("Ordinarily, the appellate courts of this state will decline to address an undeveloped argument.").

Affirmed.