482 August 21, 2024 No. 584

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of O. J. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. L. S.,
*Appellant.*

Multnomah County Circuit Court
21JU04388;
Petition number T2021160;
A181993

Patricia L. McGuire, Judge.

Submitted January 3, 2024.

Kristen G. Williams filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Father appeals a judgment terminating his parental rights to his daughter, O, who was four years old at the time of trial. On appeal, father raises two assignments of error. He first assigns error to the juvenile court's determination that terminating his parental rights is in O's best interests. Father concedes that he failed to preserve that argument, but he nevertheless seeks plain error review. Second, father contends that his trial counsel provided constitutionally inadequate assistance to him by failing to move for a continuance on the third day of trial when father failed to appear. We affirm.

A detailed recitation of the facts would not benefit the bench, the bar, or the public. As to father's first assignment, on *de novo* review, ORS 19.415(3)(a), we conclude that there is clear and convincing evidence in the record that terminating father's rights to O is in her best interest. Father has a pattern of committing violence against intimate partners, including against O's mother while O was present, and he previously assaulted his teenage daughter. Father's substance abuse appears to contribute to his violent conduct, and yet, despite some engagement in treatment, father has struggled to provide clean urinalyses, which has, at times, prevented him from having visitation with O. At this point, O has spent the majority of her life in substitute care and has developed a secure attachment to her current resource family, where she resides with her older sister. We conclude that terminating father's parental rights is in O's best interest, and the trial court did not err, plainly or otherwise.

We reject father's argument that the trial court plainly erred based on the factors identified in our decision in *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 515 P3d 927 (2022). In *L. M. B.*, we explained that "to be able to conclude that termination is in a child's best interest, we must be able to determine with confidence that the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Id.* at 53. To that end, we identified several considerations that inform the best interest determination, which include "(1) the strength of the bond

between the parent and child; (2) whether severing that bond will help or harm the child; (3) the benefits to the child of terminating parental rights; and (4) the risk of harm to the child posed by termination." *Id.* Here, the record indicates that, even though father's visits with O were positive, O has a limited bond with her father. She is thriving with her current resource family, and the stability of that relationship has contributed to her cognitive and emotional development. There was credible testimony that permanency through adoption is in O's best interest, and a psychological assessment of O also recommended adoption, noting that disrupting O's attachment to her resource family, who is expected to be an adoptive resource, and her sister could cause significant distress. We conclude that the trial court did not plainly err because the benefits to O of ending the legal relationship with father outweigh the risk of harm posed to O by severing that legal relationship. Even considering the issue outside of the plain-error context, we would conclude based on our *de novo* review of the record that the trial court did not err in terminating father's parental rights.

In his second assignment, father argues that his trial counsel was constitutionally deficient because she did not request a continuance after father failed to appear "for a reason that could constitute excusable neglect." On the third day of trial, father texted his counsel that he could not afford gas, and the trial court found father in default. Father's counsel objected to the default but did not request a continuance.

We review claims of inadequate assistance of counsel to determine whether the proceeding below was "fundamentally fair." *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 187, 796 P2d 1193 (1990). Here, father bears the burden to show that "*no* adequate counsel" would have failed to request a continuance under the circumstances, and that the inadequacy prejudiced his case. *Id.* at 190 (emphasis in original).

On this record, we do not affirmatively find that no adequate counsel would have decided against requesting a continuance. Father's bare assertion that he could not afford gas does not necessarily establish that he was physically unable to appear, nor does it establish that his counsel had

a good faith legal or factual basis to request a continuance. *See Dept. of Human Services v. E. M.*, 268 Or App 332, 337, 341 P3d 216 (2014) ("A juvenile court has the authority to postpone a hearing or make other procedural accommodations to protect the parent's right to participate when a parent is *unable to or prevented from personally appearing* due to the parent's incarceration, physical condition, [or] mental illness \*\*\*." (Citation omitted; emphasis in original.)); *see also Dept. of Human Services v. L. T. G.*, 329 Or App 270, 272-73, 540 P3d 1142 (2023) (declining to reverse a judgment terminating the mother's parental rights "because the record does not demonstrate that counsel had any legal or factual basis on which to seek a continuance and, thus, [the] mother has not established that she was denied adequate assistance or suffered prejudice").

Several weeks before the final day of trial, a caseworker provided father with gas money to attend visits with O, and she indicated that she would provide additional gas money if father needed it to appear in court. We recognize that access to transportation may in some cases present a significant barrier to a parent's ability to appear in court, but in this case, the record does not show whether father contacted the caseworker about gas money or his counsel about his transportation issues before the morning of trial, nor does it show whether father could have reasonably accessed an alternative means of transportation to the courthouse. Without a more developed record, we cannot find that no adequate counsel would have made the decision to not request a continuance under these circumstances. We therefore conclude that father's counsel was not constitutionally inadequate, and accordingly, we do not reach father's argument regarding prejudice.

Affirmed.